IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA BARNETT<br><br>    Plaintiff,<br><br>v.<br><br>FINANCIAL RECOVERY<br>SERVICES, INC.<br><br>    Defendant. | Civil Action No. |

## COMPLAINT

1. This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), and other common law rights. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Melissa Barnett is an adult individual residing at 150B Harrison Street, Clarksburg, WV 26301.

5. Defendant Financial Recovery Services, Inc. is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 4900 Viking Drive, Minneapolis, MN 55435. The principal purpose of

Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired by Providian Financial to collect a debt relating to a credit card allegedly owed to Providian Financial (hereafter the "debt") for which Plaintiff is not responsible.

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8. At all times material and relevant hereto, Plaintiff did not owe the debt to Defendant and has never owed a debt to Defendant.

9. In or around October 2009, Defendant initially began contacting Plaintiff to coerce payment of the debt. Defendant further failed to advise Plaintiff of her right to dispute the debt pursuant to § 1692g of the FDCPA. Defendant did not send any additional written communications to Plaintiff with respect to the alleged debt within five days after the above initial communication. Defendant continued to contact Plaintiff approximately three times per week for the following months thereafter.

10. Notwithstanding the above, Defendant contacted Plaintiff approximately ten times before the hour of 8 A.M. between October 2009 and the present including but not limited to 7:37 A.M. on January 9, 2010. Plaintiff advised Defendant to not contact her early in the morning, but Defendant continued to place collection calls to Plaintiff before 8 A.M. and on one occasion even misrepresented to Plaintiff "it's 8 A.M. where we are" even though Defendant is located in the central time zone.

11. Notwithstanding the above, in or around November 2009, Defendant also contacted Plaintiff's father to coerce payment of the debt with the intent to annoy, abuse, or harass. Plaintiff's father explained that Plaintiff did not live at this residence and advised Defendant's representative to not contact him again. In the weeks thereafter, Defendant again contacted Plaintiff's father to coerce payment of the debt even though Defendant's representative was advised that Plaintiff did not live at this residence.

12. Notwithstanding the above, on or around January 13, 2010, Defendant contacted Plaintiff to coerce payment of the debt with the intent to annoy, abuse, or harass. Defendant's representative threatened Plaintiff that they would sue her and take her to court, and that she would serve jail time if she did not pay immediately.

13. Defendant acted in a false, deceptive, misleading, and unfair manner by communicating with persons other than the debtor.

14. Defendant acted in a false, deceptive, misleading, and unfair manner by communicating with persons other than the debtor on more than one occasion.

15. Defendant acted in a false, deceptive, misleading, and unfair manner by communicating with the consumer at any unusual time or place or a time known or which should be known to be inconvenient to the consumer.

16. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

17. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the character, amount, or legal status of the debt.

18. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing that nonpayment of any debt will result in the arrest or imprisonment of any person unless such action is lawful and the debt collector intends to take such action.

19. Defendant acted in a false, deceptive, misleading and unfair manner by threatening action that cannot legally be taken or is not intended to be taken.

20. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing that the consumer committed any crime or other conduct in order to disgrace the consumer.

21. Defendant acted in a false, deceptive, misleading and unfair manner by failing to disclose in the initial communication that Plaintiff may obtain verification of the debt by notifying Defendant in writing that she disputed the debt.

22. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

23. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to

Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and Plaintiff will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I- VIOLATIONS OF THE FDCPA

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

29. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

30. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b, 1692b(3), 1692c(a)(1), 1692c(b), 1692(d)(5), 1692e(2)(A), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f, and 1692g as evidenced by the following conduct:

  a) Communicating with persons other than the debtor;

  b) Communicating with persons other than the debtor on more than one occasion;

  c) Communicating with the consumer at any unusual time or place or a time known or which should be known to be inconvenient to the consumer;

  d) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

e) Falsely representing the character, amount, or legal status of the debt;

f) Falsely representing that nonpayment of any debt will result in the arrest or imprisonment of any person unless such action is lawful and the debt collector intends to take such action;

g) Falsely threatening action that cannot legally be taken or is not intended to be taken;

h) Falsely representing that the consumer committed any crime or other conduct in order to disgrace the consumer;

i) Failing to disclose in the initial communication that Plaintiff may obtain verification of the debt by notifying Defendant in writing that she disputed the debt;

j) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

k) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

31. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

32. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. Defendant engaged in extreme and outrageous conduct beyond all bounds of decency including but not limited to misrepresenting that Plaintiff would serve jail time if payment was not made immediately thus causing Plaintiff to suffer severe emotional distress.

35. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the severe emotional distress suffered by Plaintiff.

36. Defendant is thus liable to Plaintiff for all actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT III – INVASION OF PRIVACY

37. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38. Defendant invaded the privacy of Plaintiff by unreasonably intruding upon her seclusion by repeatedly calling Plaintiff's phone number early in the morning after Plaintiff advised Defendant to not call her at this time.

39. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## **JURY TRIAL DEMAND**

40. Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN
GREGORY J. GORSKI
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: June 2, 2010